UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Jeffrey D. Gilbert

    v.                                                      Civil No. 04-cv-327-PB

Atlantic Trust Company, N.A.
d/b/a Atlantic Trust/Pell Rudman


**O R D E R**

Defendant Atlantic Trust, d/b/a Pell Rudman ("Atlantic Trust"), moves to compel the production of documents that Plaintiff Jeffrey D. Gilbert ("Gilbert") reviewed prior to his deposition, but refused to produce during or after his deposition. Gilbert filed an objection.[1]

Background

During Gilbert's deposition, Atlantic Trust's counsel asked Gilbert whether he reviewed any materials before his deposition. See Gilbert Dep. at 13:8-9. Gilbert answered "yes," and stated

---

[1] The Court is aware that Judge Barbadoro stated on the record at the conclusion of a hearing held on November 16, 2005 that "all pending motions are denied without prejudice." After conferring with Judge Barbadoro, he has informed me that his ruling was not intended to include discovery motions and that I should proceed to rule on the instant motion.

that he reviewed answers to interrogatories and deposition transcripts. Id. at 13:12-16. In response to a follow up question of whether he had reviewed anything else, Gilbert answered, "I reviewed some materials that my counsel and I have discussed, notes that we've taken in conversations." Id. at 13:18-20. Atlantic Trust's counsel asked to see the notes to which Gilbert referred. Gilbert's counsel objected to producing the notes citing the attorney-client and work product privileges. Gilbert's counsel maintained his objection in response to Atlantic Trust's subsequent written request for production, which relied upon Fed. R. Evid. 612. Gilbert's counsel then provided Atlantic Trust a privilege log on which he identified the withheld notes as "Narrative of Relationship of the Gilbert Family and Pell Rudman," written on December 5, 2002. See Def.'s Ex. D.

In an affidavit submitted with his objection to the motion to compel, Gilbert asserts that he prepared the narrative to share with attorneys whom he was considering hiring to represent him in a lawsuit against Atlantic Trust. See Gilbert Aff. dated November 2, 2005, ¶¶ 1, 3-4. Gilbert further asserts that the only individuals who have reviewed the narrative are attorneys to

whom he sent the narrative in confidence, including his present counsel in this action.  <u>Id.</u>, ¶¶ 5-6.

Discussion

I.   <u>Whether The Withheld Documents Are Privileged</u>

With the assent of the parties, the Court has reviewed the withheld documents <u>in</u> <u>camera</u>.  The Court is persuaded that the narrative, written prior to the commencement of the instant lawsuit, was prepared for use as a confidential communication to attorneys for the purpose of facilitating the rendition of professional legal services to Gilbert.  Therefore, the Court finds that the narrative is protected by the attorney-client privilege.  The Court further finds that Gilbert prepared the narrative in anticipation of litigation within the meaning of Fed. R. Civ. P. 26(b)(3).  Therefore, the protection afforded to trial preparation materials for parties and parties' representatives under Rule 26(b)(3) also applies.  Accordingly, the Court finds that the narrative is presumptively protected from discovery.  The Court next considers whether Atlantic Trust has demonstrated that it is entitled to the production of the narrative under Fed. R. Evid. 612.

II.  Whether Fed. R. Evid. 612 Requires Disclosure

Rule 612 provides in pertinent part that:

> if a witness uses a writing to refresh memory for the purpose of testifying, either--
>
>     (1) while testifying, or
>     (2) before testifying, if the court in its discretion determines it is necessary in the interests of justice,
>
> an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness.

Fed. R. Evid. 612.  Rule 612 applies to depositions and to deposition testimony under Fed. R. Civ. P. 30(c).  See Sporck v. Peil, 759 F.2d 312, 317 (3d Cir.), cert. denied, 474 U.S. 903 (1985); Sauer v. Burlington N. R.R. Co., 169 F.R.D. 120, 123 n.2 (D. Minn. 1996).

In his objection to the motion to compel, Gilbert argues that disclosure of the narrative is not warranted because Atlantic Trust failed to lay a proper foundation for the application of Rule 612 at the deposition.  The Court agrees.

The purpose of Rule 612 is "to promote the search of credibility and memory."  Fed. R. Evid. 612 advisory committee's note.  It is not intended to permit a "wholesale exploration of

an opposing party's files."  Id.  Three conditions must be met in order for an adverse party to show that it is entitled to obtain documents used by a witness before testifying: "1) the witness must use the writing to refresh his memory; 2) the witness must use the writing for the purpose of testifying; and 3) the court must determine that production is necessary in the interests of justice."  Sporck, 759 F.2d at 317.  A writing has no relevance to any attempt to test the credibility and memory of the witness if the witness did not use the document to refresh his memory.  Id.  Nor does it have much use for impeachment and cross-examination if it did not influence the witness' testimony.  Id.

 Here, Atlantic Trust has not demonstrated that Gilbert used the narrative to refresh his memory for the purpose of testifying.  It is apparent from the deposition transcript that Gilbert only testified that he had reviewed the narrative before the deposition.  That is insufficient to provide the foundation for the application of Rule 612.  See Sporck, 759 F.2d at 318 (finding that the trial court did not properly condition the application of Rule 612 on a showing that the petitioner relied upon the requested documents for his testimony and that those documents impacted on his testimony); United States v. Sheffield,

55 F.3d 341, 343 (8th Cir. 1995) ("[E]ven where a witness reviewed a writing before or while testifying, if the witness did not rely on the writing to refresh memory, Rule 612 confers no rights on the adverse party.") (citation omitted); Sauer, 169 F.R.D. at 122 n.1 (same).

Moreover, even if Atlantic Trust had laid the proper foundation for the application of Rule 612, production of the narrative is further conditioned on a showing that disclosure is necessary in the interests of justice. In its motion to compel, Atlantic Trust argues that "the nature and extent of the communication between the parties are at the heart of this dispute," and that the withheld documents are "important to Atlantic Trust in defending against the charges made in this lawsuit." Def.'s Mot. to Compel Production of Documents Reviewed Prior to Jeffrey D. Gilbert's Deposition at 3, ¶ 8. But Atlantic Trust has full access to the persons who engaged in the communications with Gilbert at issue in this dispute that Atlantic Trust now seeks to obtain from Gilbert's narrative. Therefore, the Court finds that Atlantic Trust has not demonstrated that disclosure of Gilbert's narrative is necessary in the interests of justice. Cf. Derderian v. Polaroid Corp.,

121 F.R.D. 13, 17 (D. Mass. 1988) (finding that an employer in a sex discrimination case did not demonstrate that disclosure of the plaintiff's notes was "necessary in the interests of justice" where the employer had full access to its agents and/or employees and could obtain the evidence pertaining to meetings and communications allegedly recorded in the plaintiff's notes).

## Conclusion

Since the Court finds that the documents that Gilbert refused to disclose are protected by the attorney-client privilege and by Fed. R. Civ. P. 26(b)(3), and since Atlantic Trust has not demonstrated that Fed. R. Evid. 612 should be applied to require disclosure of those documents, Atlantic Trust's motion to compel (document no. 48) is denied.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: November 17, 2005

cc:  Michael C. Harvell, Esq.
     John-Mark Turner, Esq.
     Martha Van Oot, Esq.